UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| AUSTIN ECKES, <br><br> Plaintiff, <br><br> v. <br><br> INDIANA DEPARTMENT OF CORRECTIONS, *et al.*, <br><br> Defendants. | CAUSE NO. 3:20-CV-544-DRL-MGG |

OPINION & ORDER

Austin Eckes is a prisoner who filed a complaint without a lawyer and seeks leave to proceed *in forma pauperis*. However, Mr. Eckes is barred from proceeding *in forma pauperis* under 28 U.S.C. § 1915(g). This is commonly known as the "Three Strikes Rule" and he has three strikes.[1] An inmate who has struck out, "can use the partial prepayment option in §1915(b) only if in the future he 'is under imminent danger of serious physical injury.'" *Abdul-Wadood v. Nathan*, 91 F.3d 1023, 1025 (7th Cir. 1996).

To meet the imminent danger standard, the threat complained of must be real and proximate. *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003). Only "genuine emergencies" qualify as a basis for circumventing § 1915(g). *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002).

In this case, Mr. Eckes is seeking monetary damages because prison officials use cameras to monitor him even when he is naked in the shower. The complaint doesn't plausibly allege imminent danger of serious physical injury, much less state a claim.

---

[1] (1) *Eckes v. Hiatt*, 2:18-CV-0279-WTK-DLP (S.D. Ind. filed June 20, 2018), dismissed July 10, 2018, with prejudice pursuant to 28 U.S.C. 1915A(b) because the complaint did not state a claim; (2) *Eckes v. Keris*, 2:18-CV-422-WTL-MJD (S.D. Ind. filed September 12, 2018), dismissed November 1, 2018, with prejudice pursuant to 28 U.S.C. § 1915A(b) because the complaint did not state a claim; and (3) *Eckes v. State of Indiana,* 2:18-CV-529-JMS-DLP (S.D. Ind. filed December 7, 2018), dismissed January 30, 2019, with prejudice pursuant to 28 U.S.C. § 1915A(b) because the complaint did not state a claim.

> *Hudson v. Palmer*, 468 U.S. 517, 526–30 (1984), observes that privacy is the thing most surely extinguished by a judgment committing someone to prison. Guards take control of where and how prisoners live; they do not retain any right of seclusion or secrecy against their captors, who are entitled to watch and regulate every detail of daily life. After *Wolfish* and *Hudson* monitoring of naked prisoners is not only permissible—wardens are entitled to take precautions against drugs and weapons (which can be passed through the alimentary canal or hidden in the rectal cavity and collected from a toilet bowl)—but also sometimes mandatory. Inter-prisoner violence is endemic, so constant vigilance without regard to the state of the prisoners' dress is essential. Vigilance over showers, vigilance over cells—vigilance everywhere, which means that guards gaze upon naked inmates.

*Johnson v. Phelan*, 69 F.3d 144, 146 (7th Cir. 1995) (parallel citations omitted). Nonetheless, Mr. Eckes filed this complaint without paying the filing fee. He seeks leave to proceed *in forma pauperis* even though he knew he had struck out. *See Eckes v. Brown*, 2:19-CV-063 (S.D. Ind. filed February 6, 2019), ECF 4 entered February 11, 2019; *Eckes v. Monnier*, 3:19-CV-397 (N.D. Ind. filed May 21, 2019), ECF 4 entered May 23, 2019; *Eckes v. State of Indiana*, 1:19-CV-3191 (S.D. Ind. filed July 30, 2019), ECF 3 entered August 5, 2019. Mr. Eckes has been told three times he has struck out and cannot proceed *in forma pauperis* unless he is in imminent danger of serious physical injury. He knows he must prepay the $400 filing fee unless he files a complaint clearly alleging he is in imminent danger of serious physical injury.

This circuit requires litigants be restricted when they attempt to "bamboozle" the court by seeking to proceed *in forma pauperis* after they have been informed that they are barred from doing so.

> Litigants to whom § 1915(g) applies take heed! An effort to bamboozle the court by seeking permission to proceed in forma pauperis after a federal judge has held that § 1915(g) applies to a particular litigant will lead to immediate termination of the suit. Moreover, the fee remains due, and we held in *Newlin v. Helman*, 123 F.3d 429, 436-37 (7th Cir. 1997), that unpaid docket fees incurred by litigants subject to § 1915(g) lead straight to an order forbidding further litigation. Sloan's appeal is dismissed for failure to pay the appellate filing and docket fees. Until Sloan has paid in full all outstanding fees and sanctions in all civil actions he has filed, the clerks of all courts in this circuit will return unfiled all papers he tenders. This order does not apply to criminal cases or petitions challenging the terms of his confinement, and may be reexamined in two years under the approach of *Newlin* and *Support Systems International, Inc. v. Mack*, 45 F.3d 185 (7th Cir. 1995).

*Sloan v. Lesza*, 181 F.3d 857, 859 (7th Cir. 1999).

So too, this case will be dismissed, the filing fee assessed, and Mr. Eckes restricted until he has paid in full all outstanding filing fees and sanctions imposed by any federal court. The restriction imposed by this order does not restrict him from filing a notice of appeal nor "impede him from making any filings necessary to protect him from imprisonment or other confinement, but . . . [it does] not let him file any paper in any other suit . . . until he pays the money he owes." *Support Sys. Int'l v. Mack*, 45 F.3d 185, 186 (7th Cir. 1995).

For these reasons, the court:

(1) DISMISSES this case pursuant to 28 U.S.C. § 1915A because it does not state a claim for which relief can be granted;

(2) DENIES Austin Eckes leave to proceed *in forma pauperis* (ECF 2);

(3) ORDERS the plaintiff, **Austin Eckes, IDOC # 228699**, to pay (and the facility having custody of him to automatically remit) to the clerk of this court 20 percent of the money he receives for each calendar month during which he receives $10.00 or more, until the **$400.00** filing fee is paid in full;

(4) DIRECTS the clerk of court to create a ledger for receipt of these funds;

(5) DIRECTS the clerk to note on the docket of this case any attempted filings in violation of this order; and

(6) DIRECTS the clerk to ensure that a copy of this order is mailed to each facility where the plaintiff is housed until the filing fee has been paid in full.

SO ORDERED.

June 29, 2020                                              *s/ Damon R. Leichty*
                                                           Judge, United States District Court